UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-14022-CV-WILLIAMS/MAYNARD

AVION LAWSON,

    Plaintiff,

v.

CAPTAIN K. WEINRICH,
*et* al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendations (the "***Report***") of Magistrate Judge Shaniek Maynard ("***Judge Maynard***") following an evidentiary hearing on the limited issue regarding whether the civil rights complaint ("***Complaint***") brought pursuant to 42 U.S.C. § 1983 by Plaintiff Avion Lawson ("***Plaintiff***") should be dismissed without prejudice under the "three-strikes rule" of the Prison Litigation Reform Act ("PLRA"). (DE 29.)[1] The Report recommends that the Complaint be dismissed without prejudice. (DE 29 at 2,12–13). Petitioner filed Objections (DE 32) to the Report challenging Judge Maynard's findings and recommendations. Defendants have filed a Response (DE 33) to Plaintiff's Objections arguing that Plaintiff has not satisfied the imminent danger exception, that Judge Maynard's Report should be adopted, and that the Complaint should be dismissed without prejudice. (*Id.* at 2–5). Upon

---

[1] Unless otherwise noted, the Court relies on the pagination generated by the Case Management/Electronic Case Files ("CM/ECF") system, which appears in the header on all filings. Citations to a specific docket entry in this case are designated "(DE ___)."

*de novo* review of the § 1983 Complaint (DE 1), Judge Maynard's Report (DE 29), Petitioner's Objections (DE 32), the Defendants' Response (DE 33), the pertinent records,[2] and applicable authorities, the Court **ADOPTS** the Report's findings and recommendations, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

I. **APPLICABLE LEGAL PRINCIPLES**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of a report to which objection is made are accorded *de novo* review, if those objections "[p]inpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of a report to which no specific objection is made are reviewed only for clear error. Fed. R. Civ. P. 72. Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Thus, the "[f]ailure to object to the magistrate [judge's] factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

---

[2] The Court takes judicial notice of its own records. *See* Fed. R. Evid. 201; *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (quoting *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.") (citation omitted).

## II. DISCUSSION

In his Objections, Plaintiff reiterates arguments raised in the Complaint (DE 1) that he is entitled to proceed *in forma pauperis* because he meets the imminent danger exception to the three-strikes rule under 28 U.S.C. § 1915(g). (DE 32 at 2.) Plaintiff requests that the Court take judicial notice of prior lawsuits he has filed where he has also alleged that he meets the imminent danger exception. (*Id.*) Plaintiff further argues that he is still housed at Martin Correctional Institution ("**Martin CI**") and continues to be in imminent danger of serious bodily harm. (*Id.* at 3.) Plaintiff claims that, at the evidentiary hearing, the opposing party did not provide a "'scintilla' of evidence" regarding Plaintiff's allegations. (*Id.* at 6.) In their Response, the Defendants argue that medical records provided by Plaintiff prior to the evidentiary hearing refute his claim that he was "suicidal", and further reveals that Plaintiff has had access to continuous, ongoing professional medical care. (DE 33 at 2–3.)

In her Report, Judge Maynard noted Plaintiff has alleged he qualifies for the imminent danger exception because "'[a]t the time of filing this Complaint, Plaintiff is still and constantly under imminent danger of serious physical injury by Defendants whom [sic] plotted to injure and/or possibly kills Mr. Lawson as promised reprisal," and because he "[i]s a mentally ill prisoner strongly contemplating suicide at the time of filing [ ] this Complaint 1915(g)." (DE 29 at 6 quoting [DE 1 at 2, 4].) At the hearing, Judge Maynard considered exhibits filed by Plaintiff which included some of Plaintiff's medical and mental health records from February 2024—those "[n]earest to when Plaintiff signed and filed his Complaint." (*Id.* at 8–9.) Having reviewed the records and considered Plaintiff's testimony, Judge Maynard found "[t]hat Plaintiff has failed to prove his claim of imminent danger of

serious physical injury and has not established the imminent danger exception to the PLRA's three strikes provision." (*Id.* at 9.) Judge Maynard found that records provided by Plaintiff in January 2024 establish he continues to be seen by medical and mental health staff, and multiple records indicated that "Plaintiff did not report feeling suicidal or in severe distress." (*Id.* at 10.) To the contrary, Judge Maynard found those records demonstrated Plaintiff "[a]ppeared fully oriented, was calm and cooperative, and appeared to be dealing with manageable depression and mild to moderate mental/emotional impairment." (*Id.*) Thus, Judge Maynard concluded that "[t]his access to continuous ongoing professional care and treatment mitigates any suggestion that Plaintiff is in imminent danger of serious physical injury at the hands of prison officials and distinguishes this case from those cases in which the Eleventh Circuit has held that an inmate's allegations concerning his mental condition satisfied the 'imminent danger' exception. (*Id.*) (citations omitted). According to Judge Maynard, Plaintiff's "[c]laims as a whole . . . do not rise to the level of circumstances similar to those recognized by the Eleventh Circuit as sufficiently imminent and dangerous to satisfy § 1915(g)." *Id.* (citations omitted). Judge Maynard further found that Plaintiff is an admitted "three-striker," "[w]ho has not made a colorable showing that he was under imminent danger of serious physical injury when he commenced this civil rights case. Instead, Plaintiff's allegations of imminent danger are reminiscent of assertions he has set forth on multiple previous occasions in attempts to establish imminent danger, which have been rejected by more than one court. (*Id.*) (citation omitted). Judge Maynard thus found that Plaintiff "[i]s barred from proceeding IFP and was required to pay the filing fee at the time he commenced this case," therefore, Judge Maynard recommends that this case be dismissed without

prejudice.[3] (*Id.*) The Court finds Judge Maynard's Report and Recommendations to be cogent and well reasoned. For the reasons set forth in the Report, the Court finds Plaintiff has not demonstrated that he meets the imminent danger exception pursuant to § 1915(g).[4]

## III.    CONCLUSION

Accordingly, upon review of the record, Judge Maynard's Report, and relevant authorities, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Maynard's Report and Recommendations (DE 29) that this case be **DISMISSED without prejudice** is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Objections (DE 32) are **OVERRULED**.

---

[3] Finally, Judge Maynard joined other judges in this Court, "[c]autioning Plaintiff against knowingly abusing the judicial process by filing multiple lawsuits, sometimes within weeks of one another, raising virtually identical claims" as "[s]uch filings constitute a serious and unwarranted drain on our judicial system." (*Id.* at 12.)

[4] To the extent Plaintiff generally alleges facts and arguments relating to the imminent danger exception set forth in the Complaint, which the Report thoroughly addressed, such argument is improper. *See Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (noting that "'[p]arties filing objections to a magistrate judge's report and recommendations must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (citations omitted). Further, to the extent Plaintiff makes allegations and arguments that were not previously presented to the Magistrate Judge, the Court declines to consider them. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 123, 1274 (11th Cir. 2014) (holding that a district court does not abuse its discretion by declining to consider evidence never mentioned before or submitted to the magistrate judge); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge). Indeed, "[r]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Williams*, 557 F.3d at 1219.

3. The Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

4. All pending motions are **DENIED AS MOOT**.

5. The Clerk of Court shall **CLOSE THIS CASE.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>3rd</u> day of June, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Avion Lawson,** *Pro Se*
DC#W38414
Martin Correctional Institution
Inmate Mail/Parcels
1150 SW Allapattah Road
Indiantown, FL 34956

Barbara Ann Junge, Ass't Att'y Gen.
Alexander K. Beg, Ass't Atty'y Gen.
Florida Attorney General's Office
110 S.E. 6th St., 10th Floor
Fort Lauderdale, FL 33301
Email: Barbara.Junge@myfloridalegal.com
Email: alexander.beg@myfloridalegal.com